**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LIANG QI REN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAKALAKA BAKERY INC.,<br><br>Defendant. | ) | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Liang Qi Ren ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this action for damages and other legal and equitable relief from Shakalaka Bakery Inc. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), the New York Codes Rules & Regulations ("NYCRR"), and any other cause(s) of action that can be inferred from the facts set forth herein.

**INTRODUCTION**

1. This is a collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2. Defendant is an artisanal bakery with two locations within Manhattan, New York. Defendant employed Plaintiff and all those similarly situated as Cashiers, Baristas, and Shift Leads (collectively with Plaintiff, the "Tipped Employees") at their bakeries. Throughout their employment, however, Defendant's Managers took a portion of the Tipped Employees' tips from

their "tip pool" in violation of 29 U.S.C. § 203(m)(2)(b), NYLL § 196-D, and NYCRR § 146-2.14, §§ 146-2.16.

3. Accordingly, Plaintiff brings this action pursuant to: 29 U.S.C. § 216(b), on behalf of a collective group of persons employed by Defendant as Cashiers, Baristas, and Shift Leads during the past three years through the final date of the disposition of this action who were subject to Defendant's unlawful tip pooling practices whereby Defendant's Managers retained a portion of the Cashiers', Baristas', and Shift Leads' tips in violation of the FLSA and are entitled to recover: (i) unpaid tips; (ii) liquidated damages; (iii) attorneys' fees and costs; and (iv) such other and further relief as this Court finds necessary and proper.

4. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23, on behalf of a class of persons employed by Defendant as Cashiers, Baristas, and Shift Leads during the past six years through the final date of the disposition of this action who were subject to Defendant's unlawful tip pooling practices whereby Defendant's Managers retained a portion of the Cashiers', Baristas', and Shift Leads' tips in violation of the NYLL/NYCRR and are entitled to recover: (i) unpaid tips; (ii) liquidated damages; (iii) interest; (iv) attorneys' fees and costs; and (v) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under the Declaratory Judgment Statute, 28 U.S.C. § 2201, and under 29 U.S.C. §§ 201 *et seq*.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant's conduct business in this district.

7. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

8. Plaintiff is a citizen of New York and resides in Queens, New York.

9. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the NYLL, and the NYCRR.

10. Defendant is incorporated in the State of New York and is headquartered in Queens, New York.

11. Defendant transacted and continues to transact business within New York by formerly and currently employing Tipped Employees in New York, and by providing services to the citizens of New York.

12. Defendant has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

13. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's requirements.

14. Upon information and belief, Defendant is engaged in interstate commerce as the food sold/the ingredients for the food are acquired through interstate commerce. This independently subjects Defendant to the requirements of the FLSA.

**STATEMENT OF FACTS**

15. Defendant is a bakery doing business as "Salswee" in Manhattan, New York.

16. Defendant has two locations that are within Manhattan, New York.

17. Plaintiff was employed by Defendant as a Cashier from June 19, 2025, until on or around November 25, 2026.

18. Cashiers' job duties were, among other things, to acquire food and drinks ordered by Defendant's customers, serve it to them, complete the transaction for the purchases, and clean up after customers.

19. Baristas' job duties were to, among other things, make drinks for Defendant's customers and clean up after customers.

20. Shift Leads were hourly employees that performed both Cashier and Barista job duties. They also restocked food.

21. Throughout their employment, Plaintiff and the Tipped Employees received tips from Defendant's customers for the performance of their services.

22. Throughout the relevant time period, Plaintiff and the Tipped Employees utilized a tip pool to share tips among them.

23. Throughout the relevant time period, Defendant's Managers participated in the tip pool by retaining a portion of the tip pool.

24. Throughout the relevant time period, Defendant's Managers' job duties did not include making drinks for Defendant's customers, acquiring food and drinks ordered by

Defendant's customers, serving Defendant's customers, completing transactions for Defendant's customers, or cleaning up after customers.

25. Throughout the relevant time period, Defendant's Managers did not regularly make drinks for Defendant's customers, acquire food and drinks order by Defendant's customers, serve Defendant's customers, complete transactions for Defendant's customers, or cleaning up after customers.

26. Accordingly, Defendant violated the FLSA, the NYLL, and NYCRR throughout the relevant time period as it maintained an unlawful tip pooling practice.

27. Upon information and belief, throughout the relevant time period, Defendant had knowledge of the FLSA's, the NYLL's, and the NYCRR, requirements that managerial employees may not retain the tips of an employee

28. Defendant's violations of the FLSA, the NYLL, and the NYCRR were willful.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following collective:

> All persons employed by Defendant as Cashiers, Baristas, and Shift Leads during the past three years, who were subject to Defendant's tip pooling practices.

30. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner and were subject to Defendant's unlawful tip pooling practices.

[1] Hereinafter referred to as the "FLSA Plaintiffs."

31. Defendant is and has been aware of the FLSA's requirements, yet willfully failed to adhere to them.

32. The FLSA Plaintiffs, under Plaintiff's FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court preliminarily certifies the FLSA Collective.

33. All questions relating to Defendant's violations of the FLSA share a common factual basis with Plaintiff. No claims under the FLSA relating to the unlawful retention of tips are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the FLSA Collective.

34. Plaintiff will fairly and adequately represent the interests of the FLSA Collective and have no interests conflicting with the FLSA Collective.

35. A collective action is superior to all other methods of claim adjudication and is necessary in order to fairly and completely litigate violations of the FLSA.

36. Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

37. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs also creates a risk for varying results based on identical fact patterns as well as disposition of the FLSA Collective's interests without their knowledge or contribution.

38. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims

asserted on behalf of the FLSA Collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

39. Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL and the NYCRR.

40. The Rule 23 Class which Plaintiff seeks to define includes:

> All persons employed by Defendant as Cashiers, Baristas, and Shift Leads during the past six years, who were subject to Defendant's tip pooling practices.

41. The number of class members protected by the NYLL and the NYCRR who have suffered under Defendant's violations of the NYLL and the NYCRR as set forth herein, are in excess of 40 and thus are too numerous to join in a single action, necessitating class recognition.

42. All questions relating to the Rule 23 class's allegations under the NYLL and the NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein under the NYLL and the NYCRR are specific to Plaintiff or any proposed Ruler Class member and the claims of Plaintiff are typical of those asserted by the proposed Rule 23 Class.

43. Plaintiff will fairly and adequately represent the interests of all members of the proposed Rule 23 Class.

44. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Rule 23 Class's allegations that Defendant violated the NYLL and the NYCRR.

45. The class members of the proposed Rule 23 Class are readily discernable and ascertainable. Contact information for all members of the proposed Rule 23 Class[2] is readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

46. Plaintiff asserts these claims on her own behalf as well as on behalf of the Rule 23 Plaintiff through her attorneys who are experienced in class action litigation as well as employment litigation.

47. Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed Rule 23 Class and have no interests conflicting with those of the Rule 23 Class.

48. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual NYLL Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

49. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Plaintiffs' jobs and continued employment.

[2] Hereinafter referred to as the "NYLL Plaintiffs."

50. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Rule 23 Class, continued violations of the NYLL and the NYCRR will undoubtedly continue.

51. Whether Plaintiff and the NYLL Plaintiffs were subject to a tip pooling practice by Defendant whereby Defendant's managers improperly participated in the tip pool in violation of the NYLL/NYCRR is a common question which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. § 203(m)(2)(b)**
**Made by Plaintiff on Behalf of All FLSA Plaintiffs**
**(Unlawful Tip Retention)**

52. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53. Plaintiff and the FLSA Plaintiffs received tips from Defendant's customers for their services.

54. Plaintiff and the FLSA Plaintiff used a tip pool to allocate tips among them.

55. Defendant's Managers retained a portion of the tip pool in violation of the FLSA.

56. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

57. Defendant's conduct was in violation of the Fair Labor Standards Act.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law § 196-d and**
**The New York Codes, Rules, and Regulations §§ 146-2.14, 146-2.16**
**Made by Plaintiff on Behalf of All NYLL Plaintiffs**
**(Unlawful Tip Retention)**

58. Plaintiff and the NYLL Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

59. Plaintiff and the NYLL Plaintiffs received tips from Defendant's customers for their services.

60. Plaintiff and the NYLL Plaintiffs used a tip pool to allocate tips among them.

61. Defendant's Managers retained a portion of the tip pool in violation of the NYLL/NYCRR.

62. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

63. Defendant's conduct was in violation of the New York Labor Law and New York Codes, Rules and Regulations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA/NYLL Plaintiffs employed by Defendant, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the FLSA Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their credit card tips;

B. Designation of Plaintiff as a representative of the FLSA Collective defined herein;

C. Designation of Plaintiff as representative of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiff's counsel as Class Counsel;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

E. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed NYLL Class members under the NYLL and the NYCRR;

F. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* the New York Labor Law, and the New York Codes, Rules and Regulations;

H. Awarding all damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unlawfully retained tips and liquidated damages;

I. Awarding all damages which Plaintiff and NYLL Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unlawfully retained tips, liquidated damages, and interest;

H. Awarding Plaintiff and FLSA/NYLL Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

I. Awarding post-judgment interest, as provided by law;

J. Awarding Plaintiff and FLSA/NYLL Plaintiffs Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Granting Plaintiff and FLSA/NYLL Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: March 2, 2026
Garden City, New York

Respectfully Submitted,

*/s/ Alexander M. White*
Alexander M. White
awhite@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

**ATTORNEYS FOR PLAINTIFF**